Western Union Telegraph Co. *v.* Rogers.

<hr>

## The Western Union Telegraph Company

*v.*

### John J. Rogers and The Baltimore and Ohio Telegraph Company.

R., owning or controlling a hotel at Long Branch, made a written contract giving the complainants the exclusive right to have and operate a telegraph office therein during the season of 1884, with the same right for each succeeding season, unless a specified written notice to the contrary should be given. No such notice has been given.—*Held,* that this court would enjoin R. from allowing a rival telegraph company to operate a competing office in the same hotel during the season of 1885.

<hr>

On motion for injunction.

*Mr. F. S. Joline* and *Mr. John S. Applegate,* for complainants.

*Mr. Wilbur A. Heisley,* for defendants.

Bird, V. C.

Upon the filing of the bill in this case an order was issued, directed to the defendants, to show cause why an injunction should not be allowed restraining the defendant Rogers from violating the agreement set out in the bill, and restraining the Baltimore and Ohio Telegraph Company from availing itself of that violation.

The defendant Rogers owned or had control of a hotel at Long Branch. On May 23d, 1884, he agreed, in writing, with the complainant to furnish it with space in said hotel for the transaction of commercial or public telegraph business, and also agreed to assure to the complainant "the exclusive right of establishing, maintaining and operating a telegraph office in said hotel and of connecting telegraph wires therewith during the term of this agreement." The provisions of the agreement were to "continue in force during the summer or watering season, *i. e.*, from the 1st day of July until the 15th day of September, each year, for and during the term of one year, and shall continue thereafter during each season, from year to year, unless one of the parties hereto shall give written notice of an intention to terminate the same at least ninety days previous to the beginning of any season after the close of the term hereinbefore fixed."

The complainant entered and transacted the business of telegraphing during the season of 1884. Since then neither party has given notice to the other of an intention to terminate the agreement.

In May of this year, Rogers entered into an agreement with the defendant, the Baltimore and Ohio Telegraph Company, extending to them the right to transact the business of telegraphing in the same hotel. The complainant asks for an injunction against the defendants, restraining them from carrying into effect the agreement so made and entered into by them.

The principal defence by way of answers and argument is, that for this manifest and confessed breach of the agreement with the complainant, the complainant has an adequate remedy at law. In other words, it is insisted that the transaction exhibits nothing more than the ordinary violation of a contract, the damages for which are easily ascertainable, and are therefore a proper subject to be submitted to a jury. This insistment then amounts to this: that it is the duty of this court to allow parties to violate their agreements at will, and those who participate in such violation to enjoy the fruits thereof, and oblige the injured party to carry on a litigation at law for redress of his wrongs. I do not think this court is so helpless in such case. I think it

proper for this court in such case to aid the party who has the first and unquestioned right, and to oblige the interfering party to carry the litigation at law for damages for breach of contract.

Again, it is urged that the complainant cannot be heard in this court, because the court never exercises jurisdiction unless it appears that the damages threatened are irreparable. This, it is true, is one well-settled rule; but another is equally well settled, viz.: that the party will not be driven to his legal remedy where it may appear that that remedy will prove inadequate. In this case there can be no doubt but that the complainant could at law recover; but recover what? Most likely not more than six cents, or some other merely nominal sum. Now, I think, no thoughtful person will insist that such result would be adequate. There is enough in the case to show that the complainant has many offices, of which this is one, and that this one is part of a system of telegraphing for commercial and other business interests, and that while this one is a part, it is but a small part—a very small part, indeed. Yet, however small, it has rights therein; but because so small in itself, it would be impossible for any jury, the most fair minded and enlightened, to ascertain the damages. It is not like the breach of an agreement to deliver grain or any other article of sale, the value of which is easily determined. Suppose the injunction be not allowed, how then can the complainant fix his damages at law beyond that which is merely nominal? He cannot take last year's transactions as a guide, for none can determine from those, since it is plain that the number of telegrams sent from, or received at, a given point depends not only upon the number of persons desiring to be accommodated and the activity of business generally, but also upon the extent and variety of connections. Nor can the damages be fixed by the amount of business done by the defendant, the Baltimore and Ohio Telegraph Company. It could be said, on the one hand, that it has greater facilities for business, and on the other, less.

But I think these observations are enough to show the application of the rule of law as now given. *Kerr on Inj. 200*, says:

" By the term 'irreparable injury,' it is not meant that there must be no physical possibility of repairing the injury; all that is meant' is that the injury would be a grievous one, or at least a material one, and not adequately reparable by damages at law; and by the term 'the inadequacy of the remedy by damages,' is meant that the damages obtainable at law are not such a compensation as will, in effect, though not *in specie*, place the parties in the position in which they formerly stood. * * * The fact that the amount of damage cannot be accurately ascertained may constitute irreparable damage. * * * It is no objection to the exercise of the jurisdiction by injunction that a man may have a legal remedy. The question in all cases is whether the remedy at law is, under the circumstances of the case, full and complete." Again, *1 Joyce on Inj. 75 :* " When the construction of a contract is clear and the breach clear, it is not a question of damage, but the mere circumstance of the breach of contract affords sufficient ground for the court to interfere by injunction." See, also, *Id. 503, 554;* see, also, *2 Id. 852 ; Great Northern Ry. Co.* v. *Manchester Ry. Co., 5 De G. & Sm. 138 ; 2 Joyce on Inj. 1035.*

Under these authorities, I cannot but conclude that the complainant presents a case of which this court may take notice. I will advise that an injunction do issue according to the prayer of the bill.